IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

RON GIBSON, LORI GIBSON, fka
Lori A. Reed, and SHON GIBSON,

               Plaintiffs,

      v.

PNC BANK, NATIONAL ASSOCIATION,
successor in interest by acquisition and merger of
First Franklin, a Division of National City Bank of
Indiana, UBS REAL ESTATE SECURITIES, INC.;
U.S. BANK NATIONAL ASSOCIATION, as
Trustee for the Holders of First Franklin Mortgage
Loan Trust, Mortgage Loan Trust, Mortgage Loan
Asset-Backed Certificates, Series 2005-FF7; BANK
OF AMERICA, N.A., as Successor in Interest to
Countrywide Home Loan Servicing, LP and BAC
Home Loans Servicing, LP; and RECONSTRUST
COMPANY, N.A.,

               Defendants.

Civ. No. 1:13-cv-01819-CL

FINDINGS AND
RECOMMENDATION

CLARKE, Magistrate Judge.

This matter comes before the court on defendants' motion (#5) to dismiss for lack of standing and for failure to state a claim. Plaintiffs have filed a response (#15), and oral argument occurred on January 14, 2014. For the reasons discussed below, defendants' motions should be GRANTED and the complaint (#1) DISMISSED.

## BACKGROUND

The following facts are not in dispute. In April 2005, Lori Gibson obtained a $204,800 mortgage loan to finance real property located at 3043 Cody Street, in Medford, Oregon ("the property"). The loan was secured by a Deed of Trust identifying Lori Reed as the borrower, First Franklin as the lender, and First American Title as the trustee. As reflected in an Assignment of Deed of Trust recorded on August 3, 2011, First Franklin assigned its interest to U.S. Bank. U.S. Bank subsequently appointed ReconTrust as successor trustee and recorded an Appointment of Successor Trustee.

In April 2009, Lori Gibson defaulted on the loan. On August 3, 2011, ReconTrust recorded a Notice of Default and Election to Sell, scheduling a sale for December 12, 2011. On December 5, 2011, Lori Gibson quitclaimed her interest in the property to Ron Gibson, Shon Gibson's father. The quitclaim deed stated:

> For valuable consideration, the Grantor hereby quitclaims and transfers all right, title, and interest held by the Grantor in the following described real estate and improvements to the Grantee, and his or her heirs and assigns, to have and hold forever, located at 3043 Cody St., City of Medford, State of Oregon.

On December 19, 2011, the property was sold to U.S. Bank via trustee's sale for $135,000.

On July 6, 2012, Lori and Shon Gibson filed a Complaint in Jackson County Circuit Court against PNC Bank, U.S. Bank, Bank of America, and ReconTrust, seeking a declaratory judgment that the foreclosure sale was invalid, that Lori Gibson was the owner in fee simple of

the property with the exclusive right to possess the property, and that no third party had an interest in the property. Lori and Shon Gibson also sought a permanent injunction enjoining U.S. Bank from seeking possession of the property. The case ("the first federal action") was removed to federal court on August 27, 2012.

On July 1, 2013, the court issued an order dismissing the first federal action with prejudice pursuant to Fed. R. Civ. P. 12(b)(1). *See Gibson v. PNC Bank et al.,* Civ. No. 1:12-cv-01542-CL (D. Or. July 1, 2013). In that order, Judge Panner agreed that the plaintiffs lacked standing to bring their claims because, having quitclaimed Lori Gibson's interest in the property to Ron Gibson, neither Lori nor Shon Gibson held any ownership interest in the property at the time of the foreclosure sale. *Id.*

On September 6, 2013, plaintiffs Ron Gibson, Lori Gibson, and Shon Gibson ("plaintiffs") filed a new complaint in the Jackson County Circuit Court against defendants PNC Bank, U.S. Bank, Bank of America, and ReconTrust ("defendants"). In their first claim for declaratory relief, plaintiffs seek a declaratory judgment (1) that the foreclosure sale was invalid and did not lawfully foreclose Lori Gibson's ownership interest in the property, (2) that Lori Gibson is the owner in fee simple absolute of the property, and (3) that Lori and Shon Gibson have the exclusive right to possession of the property. Am. Compl., at pp. 34-35, ¶ 1. In the second claim for relief, plaintiffs seek a permanent injunction restraining defendant U.S. Bank from obtaining possession of the property. On October 11, 2013, the case ("the second federal action") was removed to this court (#1).

Defendants now move to dismiss the second federal action under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing that plaintiffs lack standing to bring this action and that plaintiffs fail to state a claim on which relief can be granted. This court has jurisdiction based on diversity of

citizenship pursuant to 28 U.S.C. §1332.  For the reasons discussed below, defendants' motion should be granted.

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) tests the subject matter jurisdiction of the court. *See, e.g., Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1039-40 (9th Cir. 2003).  Under Article III of the Constitution, federal judicial power extends only to "Cases" and "Controversies."  U.S. CONST., art. III, § 2, cl. 1.  Article III standing is thus a threshold requirement for federal court jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-60 (1992).  At a constitutional minimum, standing requires the party invoking federal jurisdiction to establish three elements:  (1) injury in the form of an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the defendant's conduct; and (3) the likelihood, not mere speculation, that a favorable decision will redress the injury. *Id.* at 560-61.

## DISCUSSION

### I.    Plaintiffs Lori and Shon Gibson

Defendant first argues that plaintiffs Lori and Shon Gibson's claims are barred by the doctrine of claim preclusion.  The doctrine of claim preclusion precludes relitigation of a claim where: (1) the parties are identical or in privity, (2) the judgment in the prior action was rendered by a court of competent jurisdiction, (3) the same claim or cause of action was involved in both suits, and (4) there was a final judgment on the merits. *Rein v. Providian Financial Corp.*, 270 F.3d 895, 898–99 (9th Cir. 2001).  If these four elements are met, the parties are precluded from raising all issues connected with the original action that were or could have been raised. *Id.*  This includes both subject matter and personal jurisdictional determinations. *Ins. Corp. of Ireland,*

*Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 n. 9 (1982).  A dismissal will

operate as a final adjudication on the merits.  *See* Fed. R. Civ. P. 41(b); *United States v. Bodwell*,

CIV. S–95–1906 LKK/G, 1996 WL 757285 at *7 (E. D. Cal. July 26, 1996) (citing Tax Court

Rule 123(d)), *aff'd* 134 F.3d 379 (9th Cir. 1998) (unpublished).

      In the first federal action, this court ruled that Lori and Shon Gibson lack standing to

bring claims against the defendants arising out of the foreclosure sale, and dismissed their

claims.  *See Gibson v. PNC Bank et al.,* Civ. No. 1:12-cv-01542-CL (D. Or. July 1, 2013).  This

was a final adjudication on the merits, and the doctrine of claim preclusion applies.  Fed. R. Civ.

P. 41(b).  Plaintiffs concede that their complaint "alleges many of the same allegations that had

previously been alleged in the prior federal declaratory relief action."[1]  Pl.'s Mem. in Response,

3.  Accordingly, Lori and Shon Gibson's claims are barred and should be dismissed to the extent

that they are identical with the claims in the first federal action.[2]

      Plaintiffs argue that, although this court ruled in the first federal action that they lack

standing to bring claims against these same defendants, they have standing as residents of the

Medford property to challenge defendant U.S. Bank's ability to obtain possession of that

property.  Pl.'s Mem. in Response, 6.  The court disagrees.  As this court previously noted in

dismissing Lori and Shon Gibson's first federal action, "[i]n contrast to owners ... mere

occupants or tenants of a property lack standing to challenge a foreclosure." *Gibson,* Civ. No.

1:12-cv-01542-CL at *4-5, *citing Lettenmaier v. Fed. Home Loan Mort. Corp.,* No. CV-11-156-

---

[1] Plaintiffs, however, "decided to file a new declaratory relief action ... challenging the alleged private trustee foreclosure" "[r]ather than further appeal the prior rulings of Magistrate Judge Clarke and District Judge Panner." *Id.*

[2] Plaintiffs argue that there is "one major exception" to Lori and Shon Gibson's otherwise identical allegations in the two federal actions. Pl.'s Mem. in Response, 3. They allege that the relevant promissory note and trust deed were not assigned to the U.S. Bank National Association until after the close of the trust, in violation of the Pooling and Servicing Agreement ("PSA"). *See id.* at 3-4. Plaintiffs argue that the attempted assignment to U.S. Bank was therefore void *ab initio.* Despite these additional allegations, plaintiffs' complaint does not contain a new claim distinct from those in the first federal action. *See* Compl. pp. 34-36. The "major exception" therefore does not affect the application of the claim preclusion doctrine.

HZ, 2011 WL 3476648, at *5 (D. Or. Aug. 8, 2011). *Lettenmaier* held that former property owners who were tenants at the time of foreclosure lacked standing to challenge the foreclosure proceedings. *Id.* Similarly, plaintiffs Lori and Shon Gibson do not have standing to bring the claims in the second federal action merely in virtue of being residents at the property.

## II.    Plaintiff Ron Gibson

In the order dismissing the first federal action, this court did not reach the issue of whether Ron Gibson has standing to bring a claim against defendants. *Gibson,* Civ. No. 1:12-cv-01542-CL at *5 n.1. Defendants now argue that Ron Gibson lacks standing to bring the claims in the Complaint because he is not a party to the note or deed of trust.

As discussed above, Lori Gibson quitclaimed her interest in the property to Ron Gibson, her husband's father, months after the foreclosure proceedings commenced and a few days before the trustee sale. Am. Compl., Ex. A. When Lori Gibson recorded the transfer of title to Ron Gibson, Ron Gibson was on record notice of the Deed of Trust and the Notice of Default and Election to Sell, both of which were publicly recorded on the Jackson County land records. Am. Compl., Ex. C, F. Ron Gibson thus took any interest conveyed in the quitclaim subject to U.S. Bank's Deed of Trust. Further, it is undisputed that Ron Gibson was not a party to the loan and did not sign the Note or the Deed of Trust on the property, and therefore is not in privity of contract with the lender, its successors or assigns. *See* Am. Compl. ¶ 9, Ex. C.

Plaintiffs assert that Ron Gibson has standing because he acquired an interest in the Medford property with the execution and delivery of the quitclaim deed, arguing,

> there are no prior legal rulings that suggest that an owner of property that acquires such property during a pending private trustee foreclosure sale proceeding lacks standing to challenge the foreclosure of the real property title interest held by this owner at the time of the sale.

Pl.'s Mem. in Response, 7-8.   Several cases within this district contradict plaintiffs' assertion. In *Big Blue Capital Partners, LLC v. ReconTrust Co., N.A.*, for example, the claimant acquired an interest in real property by quitclaim deed after the defendant commenced non-judicial foreclosure proceedings.  Case No. 6:11-cv-01412-TC, 2012 WL 1870752, at *1-2 (D. Or. May 21, 2012).  The claimant then asserted several claims against defendants arising out of defendants' alleged failure to comply with the non-judicial foreclosure procedures outlined in the Oregon Trust Deed Act.  *Id.* at *2.  The *Big Blue* court held that because the claimant was not a party to the note or deed of trust, it did not have standing to raise a claim of wrongful non-judicial foreclosure.  *Id.* at *3.

Similarly, Ron Gibson obtained his interest in the property after Lori and Shon Gibson defaulted on the note and defendants initiated non-judicial foreclosure proceedings.  Ron Gibson had no involvement whatsoever in the lending process and is not named in, or a party to, any of the loan or foreclosure documents.   Following the *Big Blue* logic, the court finds that because Ron Gibson is not in privity of contract with the lender, its successors or assigns, he does not have standing to challenge the foreclosure sale for noncompliance with the Deed of Trust, or under the Oregon Trust Deed Act.  The court also rejects plaintiffs' argument that Ron Gibson has standing in this case simply in virtue of the fact that he alleged a violation of the Pooling and Servicing Agreement ("PSA").  Ron Gibson was not a party to or third party beneficiary of the assignment of the promissory note and trust deed to U.S. Bank.[3]  As a court in this District recently stated, "[i]t is well-settled that a plaintiff lacks standing to enforce the terms of a PSA where he is neither a party to, nor a third party beneficiary of, that agreement."  *Oliver v. Delta*

---

[3] The court notes that *Glaski v. Bank of America N. A.*, cited by plaintiffs and submitted in its entirety to the court, is not applicable.  First, the relevant holding interprets California law.  More importantly, unlike Ron Gibson, the plaintiff in *Glaski* was a borrower and thus in privity of contract with the lender.  *Glaski*, 160 Cal. Rptr. 3d 446, 461 (Cal. App. 2013) (a borrower can challenge an assignment of his or her note and deed of trust if the defect asserted would void the assignment).

*Financial Liquidating Trust*, 2012 WL 3704954, at \*4 (D. Or. Aug. 27, 2012); *see also Branson v. ReconTrust Co.*, 2012 WL 1473395, at \*3 (D. Or. Apr. 26, 2012) (rejecting claim that transfer took place after closing date described in PSA and thus violated PSA and New York law, because "plaintiffs lack standing to enforce the PSA").

In sum, Ron Gibson lacks standing to bring this action and his claims should be dismissed. To the extent that Ron Gibson suffered an injury, it was due to his own actions in purchasing the property after non-judicial foreclosure proceedings had commenced. Because the court finds that all plaintiffs in this action lack standing to bring these claims, the court need not reach the issue of whether O.R.S. § 86.770 bars plaintiffs' challenge to the completed foreclosure. Defendant's motion should be granted.

## III.    Leave to Amend

If the court dismisses a complaint, it must decide whether to grant leave to amend. *See* 28 U.S.C. § 1653. The Ninth Circuit has repeatedly held that dismissal without leave to amend is improper, even if no request to amend the pleading was made, unless it is clear that the defective pleading cannot possibly be cured by the allegation of additional facts. *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 n. 6 (9th Cir. 2002) (*citing Lee v. City of Los Angeles*, 250 F.3d 668, 692 (9th Cir. 2001)); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000). Here, two of the three named plaintiffs previously filed a related action that was dismissed for lack of standing. It is clear that plaintiffs' claims cannot be cured by the allegation of additional facts. Thus, plaintiffs should not be granted leave to amend and the complaint should be dismissed with prejudice.

## RECOMMENDATION

After careful consideration of Plaintiffs' complaint in light of the Rule 12(b) standard, Defendants' motions to dismiss (#5) should be GRANTED and the complaint should be DISMISSED with prejudice.

This Recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Report and Recommendation will be referred to a district judge.

Objections to this Report and Recommendation, if any, are due no later than fourteen (14) days from today's date. If objections are filed, any response is due fourteen (14) days from the date of the objections. *See* Fed. R. Civ. P. 72, 6. Parties are advised that the failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED this ___ day of January, 2014

MARK D. CLARKE
United States Magistrate Judge