NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 7 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RON GIBSON, LORI A. GIBSON FKA LORI A. REED, and SHON GIBSON, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> PNC BANK NATIONAL ASSOCIATION, ET AL., <br><br> Defendants - Appellees. | No. 14-35380 <br><br> D.C. No. 1:13-cv-01819-CL <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the District of Oregon
Owen W. Panner, District Judge, Presiding

Submitted October 3, 2016**
Portland, Oregon

Before: CLIFTON, MURGUIA, and NGUYEN, Circuit Judges.

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Lori, Shon, and Ron Gibson appeal from the district court's order dismissing their claims for declaratory judgment and permanent injunction against Appellees (collectively, Creditors). The Gibsons challenged the validity of a nonjudicial foreclosure and sale of property. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's judgment.

1. With respect to Lori and Shon's claims, we affirm the district court's grant of Creditors' motion to dismiss. Lori and Shon previously brought a suit against the same Creditors, seeking similar relief. The district court in the first case dismissed their claims for lack of standing, with prejudice. Lori and Shon concede their previous claim rested on allegations substantially similar to those in the present case. A federal court sitting in diversity looks to relevant state law on questions of claim preclusion. *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *see Taco Bell Corp. v. TBWA Chiat/Day Inc.*, 552 F.3d 1137, 1144 (9th Cir. 2009). "Under Oregon law, a dismissal 'with prejudice' creates a claim-preclusive bar, *even if the dismissal was due to a procedural fault and not a decision on the substantive validity of the action.*" *Cornus Corp. v. Geac Enter. Sols., Inc.*, 289 P.3d 267, 273 (Or. Ct. App. 2012) (emphasis added). A previous judgment with claim-preclusive effect "prohibits a party from relitigating a cause of action against the same defendant involving the same factual transaction as was litigated in the previous adjudication[.]" *See Krisor v. Lake Cty. Fair Bd.*,

302 P.3d 455, 457 (Or. Ct. App. 2013). Claim preclusion also bars "all claims against the defendant that were available to the plaintiff arising from that transaction, whether or not the plaintiff actually asserted them." *Lee v. Mitchell*, 953 P.2d 414, 420 (Or. Ct. App. 1998). Claim preclusion therefore bars Lori and Shon's claims, including the limited new allegations.

2. We affirm the district court's dismissal of Ron's claims, as well, though on a different ground than the district court. *United States v. Washington*, 969 F.2d 752, 755 (9th Cir. 1992). Ron has standing to challenge the foreclosure and sale based on the property interest he acquired via his quitclaim deed. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547–48 (2016). Under the Oregon Trust Deed Act (OTDA), if essential procedures were not followed, Ron's property interest was not automatically extinguished by the sale. *See Woods v. U.S. Bank*, No. 13-36037, 2016 WL 4120687, at *2, *5 (9th Cir. Aug. 3, 2016). Nonetheless, there are some limits on his standing. Ron can only protect his own property interest, rather than Lori and Shon's. *See Ray Charles Found. v. Robinson*, 795 F.3d 1109, 1118–19 (9th Cir. 2015). Ron also may not bring a claim based on violations of the Pooling and Servicing Agreement (PSA), because he was not a party to the PSA. *See Oliver v. Delta Fin. Liquidating Trust*, No. 6:12-CV-00869, 2012 WL 3704954, at *4 (D. Or. Aug. 27, 2012).

3. Though Ron has standing, he lacks any cause of action under the OTDA. When failures to comply with OTDA procedures in a nonjudicial foreclosure and sale violate grantors' "substantive rights," this can support a post-sale challenge from the grantor. *Woods v. U.S. Bank*, No. 13-36037, 2016 WL 4120687, at *5 (9th Cir. Aug. 3, 2016). The cause of action recognized in *Woods* is consistent with the statutory scheme of the OTDA, which balances between the interests of creditors and the rights of grantors. *Id.* at *4–5; *see Staffordshire Investments, Inc. v. Cal-W. Reconveyance Corp.*, 149 P.3d 150, 157 (Or. Ct. App. 2006). Ron's status as a non-grantor raises the issue of "whether a claim may be maintained by the party asserting it" *See Ray Charles Found. v. Robinson*, 795 F.3d 1109, 1121 (9th Cir. 2015). We presume that "a statutory cause of action extends only to plaintiffs whose interests fall within the zone of interests protected by the law invoked." *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 134 S. Ct. 1377, 1388 (2014) (internal quotation marks omitted). Non-grantors, like Ron, do not fall within the "zone of interests" protected by the OTDA. *See id.* Further, entertaining post-sale challenges from non-grantors would disturb the OTDA's "carefully struck balance" between the rights of grantors and the interests of creditors. *Woods*, 2016 WL 4120687, at *4. There is no direct authority to support a post-sale challenge from a party in Ron's position, and no basis to extend the cause of action recognized in *Woods* to a non-grantor.

**AFFIRMED**.